UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BWW RESOURCES, LLC D/B/A BUFFALO WILD WINGS,<br><br>Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMAND |

## COMPLAINT

This is an action under Title I of the Civil Rights Act of 1991 and Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") to correct unlawful employment practices and to provide appropriate relief to Susan Brown ("Brown"), who was adversely affected by the unlawful employment practices. The Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that BWW Resources, LLC d/b/a Buffalo Wild Wings ("Defendant") discriminated against Brown by failing to hire her because of her religion, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized pursuant to: Sections 706(f)(1) and (3) of Title VII, 42, U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil

1

Rights act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), 42 U.S.C. § 2000e-6.

4. Defendant is a limited liability company organized under the laws of the State of Delaware.

5. Defendant owns, operates and manages all non-franchised Buffalo Wild Wings Locations in the United States and internationally.

6. Defendant's principal place of business is located in Atlanta, Georgia.

7. Defendant owns, operates and manages at least one Buffalo Wild Wings restaurant in Douglasville, Georgia.

8. At all relevant times, Defendant has continuously been doing business in the State of Georgia.

9. At all relevant times, Defendant has continuously had at least 15 employees.

10. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

11. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PROCEDURES

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

13. Since at least November 2022, Defendant has engaged in unlawful employment practices in violation of 42 U.S.C. § 2000e-2 by failing to hire Brown because of her religion.

14. At all times relevant to the complaint, Brown had a bona fide belief in the religion of Free Holiness.

15. Brown wears ankle-length or below-the-knee length skirts in public because of her bona fide religious beliefs.

16. At all times relevant to the complaint, Brown's daughter was employed as a server at Defendant's Douglasville location ("Douglasville location" or "the restaurant").

17. On or about November 22, 2022, Defendant hosted a "Friendsgiving"

for its employees at the Douglasville location and permitted the employees to bring their friends and families.

18. Brown's daughter brought Brown to the Friendsgiving event.

19. At the Friendsgiving event, Brown's daughter introduced Brown to the General Manager of the restaurant.

20. At all times relevant to the complaint, the General Manager had hiring authority at the Douglasville location.

21. During their conversation at the Friendsgiving event, Brown and her daughter told the General Manager that Brown was interested in a server position at the restaurant.

22. During the Friendsgiving event conversation, Brown and her daughter told the General Manager that Brown had prior experience as a server at a different restaurant.

23. During the same conversation, Brown and her daughter told the General Manager that, pursuant to her religious beliefs, Brown was required to wear a long skirt in public, including the workplace.

24. The General Manager indicated that Defendant was currently hiring servers at the Douglasville location, and the General Manager encouraged Brown to apply.

25. The General Manager indicated that Brown would be permitted to wear

a long skirt while working at the restaurant.

26. At the end of the conversation, however, the General Manager asked whether Brown was Pentecostal, raised her hands, exclaimed "Na, na, na!" in a mocking tone, and then exited the conversation.

27. On or about the next day, Brown applied to be a server at the Douglasville location.

28. Approximately a week later, Brown's daughter approached an Assistant Manager at the Douglasville location during her shift.

29. Brown's daughter inquired as to whether Defendant would hire Brown.

30. In response, the Assistant Manager stated that the General Manager would not hire Brown because of her religious needs.

31. The Assistant Manager explained that the restaurant was a sports bar, and said, "What sports bar have you seen that had servers wearing skirts?"

32. Brown's daughter then approached the General Manager in her office.

33. Brown's daughter asked the General Manager whether she was going to hire Brown.

34. The General Manager responded that she was not going to hire Brown.

35. At that time, the Douglasville location was actively seeking servers for the restaurant.

36. Brown's daughter subsequently told Brown about her conversations

with the Assistant Manager and the General Manager.

37. Defendant never offered to interview Brown for a server position at the restaurant, or otherwise contacted her further regarding the position.

38. At all times relevant to the complaint, Brown was qualified to work as a server at the restaurant.

39. Brown had a real and present interest in a server position at the Douglasville location.

40. Defendant did not hire Brown for a server position at the restaurant because of her religious practices.

41. Defendant hired five individuals for server positions at the Douglasville location between December 2022 and January 2023.

42. None of the servers hired between December 2022 and January 2023 requested religious accommodations.

## STATEMENT OF CLAIMS

### *Religious Discrimination*

43. The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42 as if fully asserted herein.

44. Brown, who holds a bona fide belief in Free Holiness, was a member of a protected class.

45. Because of her bona fide religious beliefs, Brown wears a long skirt in

public.

46. Brown applied for a position as a server at Defendant's Douglasville location.

47. At all times relevant to the complaint, Brown was qualified for the server position.

48. At the time Brown applied, Defendant was actively seeking and hiring servers at its Douglasville location.

49. Before Brown applied, she informed Defendant that, pursuant to her religious beliefs, she was required to wear a long skirt in public, to include the workplace.

50. Defendant rejected Brown for employment because of her religious practices.

51. After rejecting Brown for employment, Defendant continued to seek applicants with Brown's qualifications outside of Brown's religion.

52. The unlawful employment practices complained of above have deprived Brown of equal employment opportunities and have otherwise adversely affected her status as an employee because of her religion.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, their officers,

7

agents, servants, employees, attorneys, successors, assigns and all persons in active concert or participation with Defendant, from engaging in employment practices that discriminate against employees based on religion.

  B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees with sincerely held religious beliefs, and which eradicate the effects of past and present unlawful employment practices.

  C. Order Defendant to make Brown whole, by providing appropriate back pay in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

  D. Order Defendant to make Brown whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

  E. Order Defendant to make Brown whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted,

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

MARCUS G. KEEGAN
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Assistant Regional Attorney

ROBYN M. FLEGAL
Supervisory Trial Attorney

*/s/ Adam T. Mills*
Adam T. Mills
Trial Attorney
Georgia Bar No. 123930
U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St. SW, Suite 4R30
adam.mills@eeoc.gov
Telephone: 470-531-4807

Facsimile: 404-562-6905